IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SEIU HEALTHCARE IL HOME CARE & CHILD CARE FUND and BOARD OF TRUSTEES OF THE SEIU HEALTHCARE IL PERSONAL ASSISTANTS HEALTH PLAN, <br><br> Defendants. | Case No. 22 C 2976 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Advanced Physical Medical of Yorkville, Ltd. (Advanced Physical) has filed suit against SEIU Healthcare IL Home Care and Child Care Fund and the Board of Trustees of the SEIU Healthcare IL Personal Assistants Health Plan (the Funds). The Funds administer the health insurance plan for personal assistants, childcare providers, and home care providers who are members of the SEIU. Advanced Physical claims to be the authorized representative and assignee of benefits for health care services it provided to a particular patient covered under an SEIU plan. Advanced Physical alleges that the Funds have violated several provisions of the Employee Retirement Income Security Act of 1974 (ERISA) by denying claims for services covered under the plan and failing to provide Advance Physical with certain plan documents upon request. Advanced Physical also brings two claims under state law, for misrepresentation and

promissory estoppel. The defendants have moved to dismiss, contending, among other things, that Advanced Physical does not have standing to sue under ERISA. For the reasons discussed below, the Court grants the defendants' motion to dismiss.

## Background

Advanced Physical is an Illinois medical corporation that provides chiropractic and physical therapy treatment. At all times relevant to the complaint, Tara Sutherland was a participant in the SEIU Healthcare IL Personal Assistants Health Plan Healthlink PPO Plan (the Plan) and a patient of Advanced Physical. Advanced Physical alleges that on January 13, 2020, Sutherland signed a form designating Advanced Physical as her authorized representative for, and beneficiary of, medical benefits and/or insurance reimbursement payable to Sutherland under the Plan for services rendered by Advanced Physical. Second Am. Compl., Ex. 1.

Section 9.3 of the Summary Plan Description (SPD) for the Plan contains an anti-assignment provision that states the following:

> You cannot assign your rights as a Plan Participant to a provider or other third party or in any way alienate your claim for benefits. Any attempt to assign those rights or in any way alienate a claim for benefits will be void and will not be recognized by the Fund for that purpose. The Fund will treat any document you are asked by a provider to sign to assign your rights as a Plan Participant or to alienate a claim for benefits to a provider, to be only an authorization for direct payment by the Fund to the provider. For example, the Fund will NOT allow you to assign your provider any rights as a Participant in the Plan, including, but not limited to, the right to appeal a claim denial or the right to receive documentation concerning claims. In the event that the Fund does receive a document claiming to be an assignment of benefits, the Fund will send payments for the claims to the provider, but will send all claim documentation, such as an Explanation of Benefits, and appeal procedures directly to you as the Claimant. In no event shall receipt by a provider of payment or documentation concerning claims be accepted by the Plan as a waiver of the prohibition on assignments of benefits. You may file an appeal of a claim submitted by a provider that was denied in whole or in part and may authorize a

>representative to file such an appeal on your behalf or your representative may use information provided by a provider to support your appeal.

Defs.' Mot. to Dismiss, Ex. B, § 9.3.

Advanced Physical alleges that on or about January 16, 2020, before providing medical treatment to Sutherland, it called the Funds and spoke with an agent who represented that services billed under code S9090 would be covered. Advanced Physical alleges that, in reliance on that representation, it provided Sutherland twenty-two chiropractic manipulative adjustments and therapeutic exercise services from January 20, 2020 to March 9, 2020. These services were billed under code S9090. Advanced Physical submitted payment requests to the Funds for the services, which it expected to be covered under the Plan.

Notwithstanding its alleged prior representation to Advanced Physical regarding coverage, the Funds agreed to pay only one claim for one of the referenced services and denied the remaining twenty-one claims. On June 10, 2020, Advanced Physical alleges it submitted to the Funds its first of three appeals regarding denied payments. The second and third appeals were allegedly submitted to the Funds on May 18, 2021 and July 8, 2021, respectively. Each appeal allegedly contained a request for Sutherland's SPD. Advanced Physical alleges that it sent the appeals by certified mail but received no response from the Funds. The Funds have asked the Court to take judicial notice of the fact that "[w]hen the [USPS] tracking numbers identified on [Advanced Physical's appeal letters] are entered into the USPS tracking tool, the results indicate that 'Label [was] Created' for each of those Tracking Numbers, but the letters are 'not yet in system.'" Defs.' Mot. to Dismiss at 4 (quoting tools.usps.com). Advanced Physical alleges that a balance of $14,277.88 for services provided to Sutherland

remains unpaid by the Funds.

## Discussion

The Funds have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The question on a motion to dismiss under Rule 12(b)(6) is whether the complaint states "a claim to relief that is plausible on its face." *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (citation omitted). In deciding the motion, the court must take "true all well-pleaded factual allegations and mak[e] all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (citation omitted).

Rule 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction; 'they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Smart Transp. Div. v. Ne. Ill. Reg'l Commuter R. Corp.*, No. 14 C 7828, 2015 WL 1593082, at *1 (N.D. Ill. Apr. 6, 2015) (quoting *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). As the party invoking federal jurisdiction, Advanced Physical bears the burden to establish that the Court has subject matter jurisdiction over his complaint. *See Transit Express*, 246 F.3d at 1023.

ERISA provides a federal civil cause of action to remedy violations of the statute or enforce the terms of a benefit plan. Under ERISA, "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary may bring a civil action to recover benefits or enforce the terms of a plan

4

only after exhausting the administrative remedies outlined in 29 C.F.R. §2560.503-1(b)(4); see also, Edwards v. Briggs & Stratton Ret. Plan, 639 F.3d 355, 360 (7th Cir. 2011) ("[E]xhaustion of administrative remedies" is "a prerequisite to bringing suit under [ERISA].") (citation omitted).

**A.    Counts 1 and 2**

In count 1 of its complaint, asserted under section 1132(a)(1)(B), Advanced Physical seeks to recover benefits it alleges are due to it that it contends the Funds "arbitrarily and capriciously denied." Second Am. Compl. ¶ 21. Count 2 of the complaint alleges a violation of 29 C.F.R. § 2520.104b-1(a) and 29 U.S.C. § 1024(b)(1), which require a plan administrator to provide a participant or beneficiary a copy of plan documents upon written request.

Advanced Physical contends that it has standing to bring its ERISA claims because Sutherland designated Advanced Physical as her authorized representative[1] and assigned beneficiary, and ERISA regulations provide that "[t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503–1(b)(4). The Funds disagree, contending that the cited regulation relates only to internal administrative claims, not civil suits. The Funds contend that the statute makes it clear that "*[a] civil action* may be brought" only by "a participant or beneficiary," not an authorized representative. 29 U.S.C. § 1132(a) (emphasis added).

---

[1] The Funds contend that Sutherland's designation of Advanced Physical as her authorized representative is invalid for various reasons. But even if the designation is valid, Advanced Physical lacks standing to sue, as the Court will discuss. Thus the Court need not determine the validity of the designation.

The Funds further contends that Advanced Physical cannot be considered Sutherland's beneficiary under section 1132 because the Plan forbids assignment. The Court agrees with the Funds.

First, Advanced Physical's contention that section 2560.503–1(b)(4) confers standing to sue in court lacks merit. This and the other relevant regulations, by their terms, clearly involve only the ability of an authorized representative like Advanced Physical to pursue *administrative* claims on a plan beneficiary's behalf. In this regard, the Court notes that the Employee Benefits Security Administration, which administers ERISA, has stated that "[t]he regulations were designed to help *reduce lawsuits* over benefit disputes, promote consistency in handling benefit claims, and provide participants and beneficiaries *a non-adversarial method* of having a plan fiduciary review and settle claims disputes." 81 Fed. Reg. 92,316 (Dec. 19, 2016) (emphasis added).

Second, the relevant provision of ERISA states that a civil action may be brought only by a participant or beneficiary, and Advanced Physical is neither. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 52 (1987) (Section 502(a) of ERISA contains ERISA's civil enforcement mechanism and is intended to provide the "exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits."). Sutherland is the participant here, and Advanced Physical cannot be considered her beneficiary because the Plan has an unambiguous and lawful anti-assignment clause at section 9.3. *See Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700–01 (7th Cir. 1991) ("Because ERISA instructs courts to enforce strictly the terms of plans . . . an assignee cannot collect unless he establishes that the assignment

comports with the plan."). The assignment made here runs afoul of the terms of the Plan, which clearly prohibits such assignments. The Court notes in this regard that another court in this circuit recently found this exact same anti-assignment clause to preclude the theory of standing that Advanced Physical raises here. *OSF Healthcare Sys. v. Bd. of Trs. of the SEIU Healthcare IL Home Care & Child Care Fund*, 456 F. Supp. 3d 1018, 1026 (C.D. Ill. 2020) ("language in the Plan bars assignment, and that the language is so clear that [plaintiff provider]'s claims as an assignee are frivolous.").

Advanced Physical attempts to defeat this contention by pointing to the last sentence of the Plan's anti-assignment clause, which states: "You may file an appeal of a claim submitted by a provider that was denied in whole or in part and may *authorize a representative to file such an appeal* on your behalf or your representative may use information provided by a provider to support your appeal." Defs.' Mot. to Dismiss, Ex. B § 9.3 (emphasis added). But like 29 C.F.R. § 2560.503–1(b)(4), this refers to the participant's right to appoint an authorized representative to pursue an *administrative* appeal on her behalf, not a lawsuit. In addition, were the Court to construe this sentence to confer Advanced Physical the right to appeal an adverse benefits determination in court on Sutherland's behalf, the anti-assignment language immediately preceding it would be rendered meaningless.

In sum, Advanced Physical's theory of standing does not comport with the language of ERISA. Because ERISA does not provide a cause of action for authorized representatives to sue on behalf of plan participants—and because Advance Physical is neither a Plan participant or a beneficiary under the Plan—the Court dismisses counts 1 and 2 of Advanced Medical's complaint.

**B.      Counts 3 and 4**

Counts 3 and 4 allege violations of state law. Because the Court dismisses the federal claims brought against all defendants, and because no independent basis for federal subject matter jurisdiction exists, the Court declines to exercise supplemental jurisdiction over Advanced Physical's state law claims. *See Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 896 (7th Cir. 2001). The state law claims are therefore dismissed without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1367.

## Conclusion

For the foregoing reasons, the Court grants the defendants' motion to dismiss [15] and directs the Clerk to enter judgment dismissing Counts 1 and 2 of plaintiff's second amended complaint for lack of standing and Counts 3 and 4 for lack of supplemental subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  February 22, 2023